FILED

2010 Aug-25  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **CASEY CROUT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 7:09-CV-02450-RDP** |
| | } | |
| **GILCO CONTRACTING, INC.,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiff Casey Crout's Motion for Default Judgment (Doc. # 19), filed August 21, 2010 against Defendant Gilco Contracting, Inc. based upon Defendant's failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.

This action was commenced on December 3, 2009, by the filing of Plaintiff's complaint seeking monetary damages for alleged race discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. (Doc. # 1). A copy of the summons and complaint was served on Defendant's Registered Agents/Co-Owners on May 5 and May 6, 2010, respectively. (Docs. # 15 and 16). To date, Defendant has neither filed anything with the court in his defense nor contacted the court in any manner about this case, despite being served with a summons and a complaint. Therefore, in response to Plaintiff's June 17, 2010, Motion for Entry of Default, and an amendment thereto (Docs. # 16 and 17), default was entered against Defendant by the Clerk of Court on June 18, 2010. (Doc. # 18).

Plaintiff's current motion seeks a Rule 55(b) default judgment against Defendant for monetary damages. (Doc. # 19).

Rule 55 (b) states:

(b) Entering a Default Judgment.

(1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2).

Where the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed.R.Civ.P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

2

However, not all of the recovery sought in this matter is for "a sum certain or for a sum which can be made certain by computation."  In addition to lost wages, Plaintiff seeks recovery of emotional distress damages and punitive damages.  Thus, recovery for those damages' claims is governed by Rule 55(b)(2).  "If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise." *Textron Financial Corp. v. Longstreet*, 2010 WL 331901, *1 (M.D. Fla. 2010) (citing Fed.R.Civ.P. 55(b)(2)). This is because "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *DeJesus v. Emerald Coast Connections of St. Petersburg, Inc.*, 2010 WL 3118418, *1 (M.D. Fla. 2010) (citing *Miller v. Paradise of Port Rickey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla.1999)).  Thus, an evidentiary hearing is needed on Plaintiff's request for recovery of emotional distress and punitive damages.

Even as to lost wages, which appears to be reducible to a sum certain, the court believes an evidentiary hearing is prudent.  Plaintiff has only submitted his own affidavit testimony in support of his request for an award of backpay.  He has not submitted supporting documentation, such as payroll or other time records showing his rate of pay or his average hours worked.  Therefore, an evidentiary hearing on backpay damages is also warranted.

Accordingly, it is hereby **ORDERED , ADJUDGED AND DECREED** as follows:

1.	Default Judgment on the issue of liability is hereby **ENTERED** in favor of Plaintiff Casey Crout and against Defendant Gilco Contracting, Inc.

2.	In light of Plaintiff's jury demand, a jury trial on the amount of Plaintiff's claimed damages will be set by separate order with a trial ready date of December 1, 2010.  Plaintiff should

be prepared to present any documents he relies upon to establish (1) his rate of pay and the average number of hours Plaintiff worked prior to his termination; (2) his claim of emotional distress; and (3) his claim that he is entitled to punitive damages. Plaintiffs should also be prepared to present evidence supporting his claim for attorneys' fees and costs. Thereafter, the court contemplates that it will enter a final default judgment in favor of Plaintiff and against Defendant that is consistent with this Memorandum Opinion and the matters occurring at the hearing.

The Clerk of the Court is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Defendant at the addresses listed in Documents # 14 and # 15.

Plaintiff's counsel is also **DIRECTED** to forward a copy of this Memorandum Opinion and Order to Defendant at all known addresses.

**DONE** and **ORDERED** this _____25th_____ day of August, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

4